# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-CV-_____

CHARLES L. SMITH,

      Plaintiff,

v.

SWH MIMI'S CAFÉ, LLC d/b/a MIMI'S CAFÉ 038, and COLE GEFF I, LLC

      Defendants.

## NOTICE OF REMOVAL

Defendant SWH Mimi's Café, LLC d/b/a Mimi's Café 038 ("Mimi's Café"), by and through its undersigned counsel, Hall & Evans, LLC, hereby submits the following Notice of Removal of the above-captioned action from Denver County District Court, Colorado to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Fed. R. Civ. P. 81(c), stating as follows:

## I.  INTRODUCTION

1. Plaintiff Charles L. Smith ("Plaintiff") initiated this lawsuit on October 1, 2019 against Defendants, in the Denver County District Court, State of Colorado, captioned *Charles L. Smith v. SWH Mimi's Café, LLC, et al.*, Civil Action No. 2019CV33779 and is now pending in that Court (the "State Action"). *See* **Exhibit A,** Plaintiff's Civil Cover Sheet; and **Exhibit B**, Plaintiff's Complaint.

2. Plaintiff alleges that on October 2, 2017, he was an invitee at Mimi's Café, located at 9155 Park Meadows Drive, Lone Tree, CO 80124, and that while walking his daughter to her car he mis stepped on an adjacent curb and fell. **Exhibit B**, **¶¶ 17 – 23.**

3. Plaintiff's Complaint alleges claims for premises liability and negligence against Defendants. *Id.* at ¶¶ 32-42.

## II.   COMPLIANCE WITH THE RULES

4. All procedural requirements related to the removal of this action have been satisfied.

5. Defendants were served on December 2, 2019. *See* **Exhibits C - D,** Affidavits of Service on Defendants.

6. This Notice of Removal is filed within thirty (30) days of service of the Plaintiff's Complaint and Summons on Defendants and is timely under 28 U.S.C. §§ 1441 and 1446(b).

7. A copy of this Notice of Removal will be filed with the State Action and served upon Plaintiff's counsel.

8. Pursuant to 28 U.S.C. § 1446(a) and D.C.Colo.LCiv.R. 81.1(b), copies of the following process, pleadings, and orders that were served upon Defendants or filed in the State Action are attached as follows:

| | |
|---|---|
| **Exhibit A** | Civil Case Cover Sheet |
| **Exhibit B** | Complaint |
| **Exhibit C** | Affidavit of Service on Mimi's Cafe |
| **Exhibit D** | Affidavit of Service on Cole Geff |
| **Exhibit E** | Delay Reduction Order |

**Exhibit F**   Civil Docket Sheet

9. Pursuant to D.C.Colo.LCivR 81.1, Mimi's Café states that no hearings or motions are pending, nor has any trial been set in the State Action.

10. Pursuant to Fed.R.Civ.P. 81(c), Mimi's Café will present its defenses by pleading at the time prescribed herein, and specifically reserves its rights to assert all defenses, including those defenses under Fed.R.Civ.P. 12(b).

11. Mimi's Café has complied with all of the requirements of 28 U.S.C. § 1446 and D.C.Colo.LCivR. 81.1.

### III.   DIVERSITY JURISDICTION

12. This case is removable pursuant to 28 U.S.C. § 1441 because the United States District Court for the District Court of Colorado has diversity jurisdiction under 28 U.S.C. §§ 1441, 1446, and 1332. Federal courts have diversity jurisdiction in lawsuits between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

**A.   THE PARTIES ARE CITIZENS OF DIFFERENT STATES**

13. There is complete diversity of citizenship between Plaintiff and Defendants. Plaintiff is a citizen of Colorado. **Exhibit B**, ¶ 2. *See Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983) ("For purposes of diversity jurisdiction, under 28 U.S.C. § 1332(a)(1), state citizenship is the equivalent of domicile").

14. Defendant Mimi's Café is a foreign limited liability corporation organized under the laws of California, with a principal place of business at 12201 Merit Drive, Suite 900, Dallas, Texas 75251.

3

15. Defendant Cole Geff I, LLC is a foreign corporation organized under the laws of Arizona, with a principal place of business at 2555 E. Camelback Road, Suite 400, Phoenix, Arizona 85016.

16. For purposes of federal diversity jurisdiction, the parties are completely diverse. 28 U.S.C. § 1441(b).

**B.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

17. While not waiving Mimi's Café's right to contest the issue, Plaintiff seeks a monetary judgment in excess of $75,000, exclusive of interest and costs. In his Complaint, Plaintiff alleges that he has "suffered multiple injuries, damages, and losses," which included "facial lacerations, left hand/arm pain and right knee pain." **Exhibit B,** ¶¶ 25 – 26. Plaintiff seeks "past and future economic damages, past and future non-economic damages, and damages for permanent physical impairment and disfigurement" caused by the incident. **Exhibit B**, ¶ 27.[1]

18. Furthermore, in the Civil Cover Sheet for the Complaint filed in Denver County District Court, Plaintiff states that he seeks a monetary judgment over $100,000. **Exhibit A**.

19. "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).

20. In determining the amount in controversy, a court may look to the object sought to be accomplished by the plaintiff's complaint. *Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606 (10th Cir. 1940). "[T]he test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *Id.*; *see also McPhail v. Deere &*

---

[1] Mimi's Café denies Plaintiff's allegations regarding his alleged damages and injuries.

4

*Company*, 529 F.3d 947, 954 (10th Cir. 2008) (finding that the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose).

21. When a defendant seeks federal court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547, 553 (2014). A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Id.* at 554. A notice of removal "may be filed within thirty days after receipt by the defendant, through service or otherwise, or . . . other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Information relating to the amount in controversy in the record of the state proceedings, or in response to discovery, shall be treated as an "other paper." 28 U.S.C. § 1446(c)(3)(A).

22. Here, Plaintiff admits that the jurisdictional amount in controversy exceeds $75,000, exclusive of interests and costs, by the filing of her Civil Case Cover Sheet. *See* **Exhibit A**. Pursuant to Colo.R.Civ.P. 8(a): "Each pleading containing an initial claim for relief in a civil action . . . shall be accompanied by a completed Civil Cover Sheet in the form and content of Appendix to Chapter 1 to 17, Form 1.2 (JDF 601), at the time of filing." The Civil Case Cover Sheet requires Plaintiff to categorize the relief sought as either being more or less than $100,000 and must be filed with each pleading containing an initial claim for relief and shall be served on all parties along with the pleading.

23. In the State Action, Plaintiff's counsel filed a Civil Case Cover Sheet in which Plaintiff confirms that he seeks "a monetary judgment over $100,000 . . . against any other single

5

party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought." **Exhibit A**.

24. The "[Civil Case Cover Sheet] is at least properly considered an 'other paper' under § 1446(b)(3)." *See Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272–73 (10th Cir. 2016). The Tenth Circuit Court of Appeals has concluded that the cover sheet "starts the removal clock" and there is "no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceedings." *Id.*

25. Based on the foregoing, the jurisdictional amount in controversy exceeds $75,000, exclusive of interests and costs, and therefore, this action may property be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

26. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

WHEREFORE, Defendant SWH Mimi's Café, LLC d/b/a Mimi's Café 038, respectfully requests that the action now pending in the Denver County District Court, Case No. 19CV33779, be removed therefrom to this Court and that all further proceedings be heard in this Court.

Respectfully submitted this _____ day of _____, 2019

        HALL & EVANS, LLC

        *s/ J. Ryan Johnson*
        J. Ryan Johnson
        1001 17th Street, Suite 300
        Denver, CO  80202
        Phone:  (303) 628-3300
        Fax:  (303) 628-3368
        johnsonr@hallevans.com
        *Defendant, SWH MIMI'S CAFÉ, LLC d/b/a*
        *MIMI'S CAFÉ 038*

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on the 20th day of December, 2019 a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed with the Court using the CM/ECF system which will send notification of such filing to parties and counsel registered through ECF.  In addition, I hereby certify that I have served via electronic mail the foregoing document to the following non-CM/ECF participants:

*Attorneys for Plaintiff*:
Sean M. Dormer, #44962
K.C. Harpring, #47760
Dormer Harpring, LLC
950 S. Cherry St., Suite 300
Denver, CO 80246
Phone Number: (303) 756-3812
Facsimile: (303) 477-7400
Email: attorneys@denvertrial.com


*s/ Renee Godfrey*                ,
Renee Godfrey, Legal Assistant

7