**EXHIBIT B**

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO<br><br>Court Address: 1437 Bannock Street<br>Denver, Colorado 80202 | DATE FILED: October 1, 2019 11:16 AM<br>FILING ID: D9C3C33585C27<br>CASE NUMBER: 2019CV33779 |
| Plaintiff: **CHARLES L. SMITH**<br><br>v.<br><br>Defendants: **SWH MIMI'S CAFÉ, LLC d/b/a MIMI'S CAFÉ 038, and COLE GEFF I, LLC** | ▲COURT USE ONLY▲ |
| *Attorneys for Plaintiff:*<br>Sean M. Dormer, #44962<br>K.C. Harpring, #47760<br>Dormer Harpring, LLC<br>950 S. Cherry St., Suite 300<br>Denver, CO  80246<br>Phone Number: (303) 756-3812<br>Facsimile: (303) 477-7400<br>Email: attorneys@denvertrial.com | Case No:<br><br>Division:<br><br>Courtroom: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff, Charles L. Smith ("Mr. Smith"), by and through her attorneys, Dormer Harpring, LLC, for his Complaint and Jury Demand against Defendants, SWH Mimi's Café, LLC d/b/a Mimi's Café ("Mimi's Café"), and Cole Geff I, LLC ("Geff"), states as follows:

## GENERAL ALLEGATIONS

1. Plaintiff seeks damages for claims under the Premises Liability Act (C.R.S. § 13-21-115) and the common law of negligence in connection with injuries occurring as the result of a trip and fall on or about October 2, 2017, on property located at or near 9155 Park Meadows Drive, Lone Tree, Colorado 80124 (the "Property"). (This event, as more fully described in ¶¶ 17-23 below, is referred to as the "Injury Event").

**EXHIBIT B**

2. At the time of the Injury Event, Mr. Smith's address was 240 South Monaco Parkway, #D502, Denver, Colorado.

3. Defendant SWH Mimi's Café, LLC d/b/a Mimi's Café 038 is a California foreign limited liability company authorized to do business in Colorado.

4. Mimi's Café's registered agent for service in Colorado is The Corporation Company, 7700 East Arapahoe Road, Suite 220, Centennial, Colorado 80112.

5. Defendant Cole Geff I, LLC, is an Arizona foreign limited liability company

6. Defendant Cole Geff I, LLC's registered agent for service in Colorado is National Registered Agents Inc., 7700 E. Arapahoe Road, Ste. 220, Centennial, CO 80112.

7. Pursuant to C.R.S. § 13-1-124(1)(a), this Court has personal jurisdiction over the Defendants because they transact business in the state of Colorado.

8. Pursuant to C.R.S. § 13-1-124(1)(b), this Court has personal jurisdiction over the Defendants because they committed one or more tortious acts in the state of Colorado.

9. Pursuant to C.R.S. § 13-1-124(1)(c), this Court has personal jurisdiction over the Defendants because they own, use, or possess real property situated in the state of Colorado.

10. Pursuant to C.R.C.P. 98(c), venue is proper in the County of Denver, Colorado, because the Defendants are nonresidents of this state and Denver is the county designated in this Complaint and Jury Demand.

11. Upon information and belief, at the time of the Injury Event, the Defendants owned all or a portion of the Property.

12. Upon information and belief, at the time of the Injury Event, the Defendants were contractually obligated to maintain the Property.

13. Upon information and belief, said obligations required the Defendants to maintain safe conditions in the walkways and parking lots on the Property.

14. Upon information and belief, at the time of the Injury Event, the Defendants were in possession and control of the Property.

**EXHIBIT B**

15. Upon information and belief, at the time of the Injury Event, Defendants were legally responsible for the condition of the Property.

16. Upon information and belief, at the time of the Injury Event, the Defendants were legally responsible for circumstances existing on the Property.

17. Pursuant to C.R.S. §13-21-115(5)(a), Mr. Smith was an invitee to the Property at the time of the Injury Event because Mr. Smith entered the land to "transact business in which the parties [were] mutually interested" by eating at Mimi's Café.

18. At the time of the Injury Event, the light fixtures on the front of the Defendants' building and the parking lot were not working correctly.

19. Because the light fixtures were not working, this made it difficult to see the walkways, curbs, and parking blocks on the Property.

20. At the time of the Injury Event, it was dark.

21. At the time of the Injury Event, Mr. Smith was walking his daughter to her car; he did not see the curb (step down) from the walkway to the parking lot because of the poor lighting.

22. As he missed the step down off the blind curb, Mr. Smith lost his balance and fell to the asphalt.

23. Mr. Smith tried to break his fall with his left arm/hand but ended up hitting the ground hard with his right knee and striking his face on the asphalt which caused his nose to bleed profusely and lacerations to his face.

24. The cause of Mr. Smith's fall was the Defendants' failure to exercise reasonable care to protect against dangers on the Property of which they knew or should have known.

25. As a direct and reasonably foreseeable result of falling, Mr. Smith suffered multiple injuries, damages, and losses (collectively, "Injuries").

26. The Injuries include, without limitation, facial lacerations, left hand/arm pain and right knee pain.

**EXHIBIT B**

27. As a direct and reasonably foreseeable result of Mr. Smith's Injuries, Mr. Smith has suffered and will suffer past and future economic damages, past and future non-economic damages, and damages for permanent physical impairment and disfigurement.

28. As a direct and reasonably foreseeable result of the Injuries, Mr. Smith has been rendered more vulnerable to subsequent injury.

29. Mr. Smith's date of birth is April 17, 1945.

30. At the time of the Injury Event, Mr. Smith was 72 years old.

31. Under C.R.S. § 13-25-102, Mr. Smith had a life expectancy of 13.7 additional years at the time of the Injury Event.

## FIRST CLAIM FOR RELIEF
### (Premises Liability against Defendant)

32. Mr. Smith incorporates by reference ¶¶ 1-31 as though set forth in their entirety hereunder.

33. At the time of the Injury Event, the Defendants were landowners, as defined at C.R.S. § 13-21-115(1), of the Property.

34. As landowners, the Defendants owed Mr. Smith a duty to exercise reasonable care with respect to dangers at the Property of which they knew or should have known.

35. Said duty is a non-delegable duty. Restatement (2d) of Torts, Section 422 (1965); *Springer v. City, County of Denver*, 13 P.3d 794 (Colo. 2000); *Reid v. Berkowitz*, 2013 COA 110.

36. Defendants breached their duty to Mr. Smith by unreasonably failing to protect against the hazard described above, which they created and/or knew or should have known was present on the Property.

37. As a direct and reasonably foreseeable result of said unreasonable failure, Mr. Smith has suffered and will suffer Injuries, including without limitation economic damages, non-economic damages, and physical impairment and disfigurement.

**EXHIBIT B**

## SECOND CLAIM FOR RELIEF
(Negligence Claim against Defendant)

38. Mr. Smith incorporates by reference ¶¶ 1-31 as though set forth in their entirety hereunder.

39. Defendants owed Mr. Smith a duty of reasonable care.

40. Defendants breached their duty of reasonable care by failing to properly illuminate the walkways and parking lots on the Property.

41. Defendants were negligent.

42. As a direct and reasonably foreseeable result of Defendants' breach of their duty, Mr. Smith has suffered economic damages, non-economic damages, and damages for physical impairment and/or disfigurement.

## JURY DEMAND

43. Mr. Smith requests a trial by jury for all of his claims.

WHEREFORE, Plaintiff, Charles Smith, requests that judgment be entered in his favor and against Defendants, SWH Mimi's Café, LLC d/b/a Mimi's Café 038, and Cole Geff I, LLC and for all available relief, including without limitation economic damages, non-economic damages and damages for physical impairment and disfigurement, as well as interest, costs, and attorney's fees, and such other relief as this Court deems proper.

DATED October 1, 2019.

DORMER HARPRING, LLC

*This pleading is filed electronically pursuant to C.R.C.P., 121 § 1-26. The original signed pleading is in counsel's file.*

By: /s/   K.C. Harpring
Sean M. Dormer, (#44962)
K.C. Harpring, (#47760)
*Attorneys for Plaintiff*

Plaintiff's Address:
240 South Monaco Parkway, #D502
Denver, Colorado 80224

5